IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carmen Anthony Chimento, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.   2:19-945 |
| | ) | |
| Andrew M. Saul, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

AMBROSE, Senior District Judge

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment.   [ECF Nos. 12, 15]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 14, 16]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). On or about August 4, 2016, Plaintiff applied for DIB and SSI. [ECF No. 10-7 (Exs. 1D-3D)]. In his application, he alleged that since June 18, 2016, he has been disabled due to

incontinence, neck surgery, herniated discs, MRSA, and prostate cancer. [ECF No. 10-9 (Ex. 2E)]. His date last insured is December 31, 2021. [ECF No. 10-2 at 15-16].[1] The state agency denied his claims initially, and he requested an administrative hearing. Administrative Law Judge ("ALJ") Nelisbeth Ball held a hearing on September 20, 2018, at which Plaintiff was represented by counsel. [ECF No. 10-3]. Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 57-71. In a decision dated December 19, 2018, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 10-2, at 15-24]. Plaintiff requested review of the ALJ's determination by the Appeals Council, but the Appeals Council denied Plaintiff's request for review. Id. at 1-6. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 12, 15]. The issues are now ripe for my review.

## II.   <u>LEGAL ANALYSIS</u>

### A.   <u>STANDARD OF REVIEW</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. <u>Allen v. Bowen</u>, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." <u>Biestek v. Berryhill</u>, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)).   "It

---

[1] To receive DIB, Plaintiff must establish that he became disabled prior to December 31, 2021, the date on which his insured status expires, or "date last insured."   42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Biestek</u>, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. <u>Palmer v. Apfel</u>, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. <u>Hartranft v. Apfel</u>, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. <u>See</u> 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); <u>Brewster v. Heckler</u>, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the

national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.   WHETHER THE ALJ IMPROPERLY DISREGARDED CERTAIN MEDICAL OPINION EVIDENCE**

Plaintiff argues that the ALJ erred in assigning little weight to the opinion of his long-time treating primary care physician, Dr. Kakabadze, as well as to the findings of the occupational therapists to whom Dr. Kakabadze and Plaintiff's wrist surgeon, Dr. Lincoski, referred Plaintiff. [ECF No. 14, at 6-17]. After careful consideration, I agree that remand is necessary on this issue.

The amount of weight accorded to medical opinions is well-established. Generally, the opinions of a claimant's treating physicians are entitled to substantial and, at times, even controlling weight. 20 C.F.R. §§ 404.1527; 416.927. [2] To be entitled to controlling weight, however, the treating physician's opinion must be well supported by medical techniques and consistent with the other substantial evidence of record. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). To determine the weight of a treating physician's opinion, the ALJ may consider

---

[2] Although the regulations governing the evaluation of medical evidence were recently amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R.§§ 404.1527, 416.927 (2017); 20 C.F.R. §§ 404.1520c, 416.920c (2017).

a number of factors, including consistency, length of treatment, corroborating evidence, and supportability. 20 C.F.R. §§ 404.1527, 416.927. As the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Soc. Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009).

After careful review, although I disagree that the record evidence mandates application of the treating physician doctrine, I agree with Plaintiff that the ALJ's opinion fails to explain sufficiently her decision to assign little weight to the opinions of Dr. Kakabadze and occupational therapist Holly Foltz. It also is unclear from the opinion whether the ALJ considered all of the pertinent medical evidence of record. For example, in rejecting Dr. Kakabadze's August 22, 2018 report, the ALJ focuses on Dr. Kakabadze's opinion that Plaintiff is not capable of working or would be absent from work two or more times per week. [ECF No. 10-2, at 21 (citing Ex. 17F)]. In that regard, the ALJ appropriately observes that ultimate issues of disability are properly reserved to the Commissioner. Id. The ALJ, however, does not specifically comment on Dr. Kakabadze's remaining restrictions, including his significant restrictions regarding Plaintiff's ability to handle and finger. See ECF No. 10-27, Ex. 17F (indicating that Plaintiff could handle and finger with his

right hand less than 5 percent of the time, and with his left hand 20 percent of the time). Although the ALJ cites generally additional record evidence in support of the weight assigned to Dr. Kakabadze, including surgery results, conservative post-surgery treatment, and activities of daily living, it is unclear whether the ALJ is addressing all of Dr. Kakabadze's opined limitations or only the "ultimate disability conclusions" specifically delineated.

Regarding occupational therapist Foltz's March 2017 report,[3] the ALJ states only that she assigned little weight to the opinion because it was given prior to Plaintiff's 2017 wrist and finger surgeries and that "[t]reatment records note that the claimant had acceptable range of motion post-operatively." [ECF No. 10-2, at 21 (citing Exs. 5F, 14F)]. As Plaintiff points out, however, the post-operative "acceptable range of motion" notation occurs in his surgeon's treatment notes dated May 12, 2017 – at his post-op visit less than a month after his surgery. [ECF No. 10-23, Ex. 14F/9]. The notes state only that Plaintiff's ROM was "acceptable at this point post operatively." Id. The ALJ fails to discuss the surgeon's further notes indicating that Plaintiff's arm would remain in a splint and that he would need to continue treatment until his limb achieved full range of motion and strength. Id. at 10. The ALJ's opinion also does not discuss the May 11, 2017 post-operative occupational therapy evaluation (a copy of which is contained in the surgeon's records at Ex. 14F) in which Plaintiff's range of motion in some areas appears to measure less than it did pre-surgery. See ECF No. 10-22 (Ex. 13F); No. 10-23 (Ex. 14F).

Finally, I note that the ALJ gave great weight to the state agency medical consultant's opinion that Plaintiff could perform a reduced range of light work. [ECF No. 10-2, at 21 (citing Ex. 1A, 3A)]. In so doing, the ALJ explained only that this opinion was "consistent with the overall

---

[3] Foltz opined, inter alia, that Plaintiff could occasionally complete reaching, handling, fingering, simple hand grasps, firm hand grasps, and fine and gross hand manipulation. [ECF No. 10-19 (Ex. 5F)].

6

record of evidence." Id. The ALJ then included an additional limitation to "frequent" handling and fingering due to Plaintiff's reported hand pain. Id. Although state agency reviewer opinions are expert opinions that are entitled to weight in appropriate circumstances, the ALJ's explanation in this instance is too conclusory for me to evaluate properly, particularly given that, like OT Holtz, the state agency physician reviewed the record prior to Plaintiff's wrist surgery. He also did not have Plaintiff's surgical or post-surgical medical records available to him, including Dr. Kakabadze's opinions or the occupational therapy reports. In contrast, Dr. Kakabadze issued his opinion in 2018 after the pertinent surgical procedures and rehab.

For these reasons, remand for a more comprehensive evaluation is necessary. In so finding, I do not make any conclusions as to whether Plaintiff is or is not disabled. I also recognize that the vocational expert testified that jobs existed in significant numbers that Plaintiff could perform even adding many of the additional restrictions to the RFC that Plaintiff urges. Given the deficiencies in the ALJ's explanations, however, I simply cannot speculate as to if, or how, she considered all relevant record evidence and, if she did not, whether her conclusions would have changed had she done so.

### III.    CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing Plaintiff's RFC, the ALJ failed to adequately set forth the bases for her evaluation of the medical opinion evidence. The case therefore is remanded for further

consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied to that same extent. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Carmen Anthony Chimento, Jr.,          )
                                       )
            Plaintiff,                 )
                                       )
      vs.                              )        Civil Action No.   2:19-945
                                       )
Andrew M. Saul, Commissioner of Social )
Security,                              )
                                       )
            Defendant.                 )
                                       )
                                       )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 30th day of September, 2020, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 12] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 15] is DENIED.

BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge